UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANDRE DERRELL LEE #325813     CIVIL ACTION NO. 19-cv-897 SEC P

VERSUS     CHIEF JUDGE HICKS

JERRY GOODWIN     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Andre Derrell Lee ("Petitioner") was convicted in the Caddo Parish state court of possession with intent to distribute marijuana, after a trial at which he insisted on representing himself. He was adjudicated a multiple offender and given a 40-year sentence. His conviction and sentence were affirmed on direct appeal. Tr. 350-66; State v. Lee, 2016 WL 9736162 (La. App. 2d Cir. 2016) (unpublished). Petitioner later filed two post-conviction applications and two motions to correct illegal sentence. The first motion to correct illegal sentence argued that his conviction violated the Sixth Amendment because he was without counsel and did not validly waive his right to counsel. The state courts denied the motion.

Petitioner then filed this federal habeas corpus petition. He completed the habeas petition form provided by the court and described his claim as "complete denial of counsel at all stages in proceeding in the trial court." He did not file a memorandum, but he did offer the following supporting facts in his petition:

> The petitioner was never informed of his right to counsel. The petitioner never expressed a desire to represent himself. The petitioner was without counsel at all critical stages of the proceedings.

**Background Facts**

Shreveport Police Department Corporal Javon Tyler was working security at Stoner Vista Apartments when he saw two men inside a parked SUV. Tyler saw the driver, whom he later identified as Petitioner, make a sudden move that caught his attention. As Cpl. Tyler approached the SUV to speak to the men, he saw digital scales on the center console. He also saw what he believed to be marijuana on the scale and some baggies next to it. Cpl. Tyler ordered Petitioner out of the vehicle.

The passenger of the vehicle fled the scene. As Cpl. Tyler placed Petitioner into custody, he flagged down a passing SPD narcotics unit for assistance. When the extra officers arrived, Tyler positioned his patrol car toward the scene and turned on the in-car video camera.

The video footage, played at trial, showed Cpl. Tyler removing clear bags of green, leafy material and placing them on the hood of the patrol car. One of the large bags contained three smaller bags, each of which contained the same green, leafy material. Cpl. Tyler testified that the bags were on the driver side of the scale and that the scale's digital display screen was also facing the driver side of the vehicle. A crime lab representative testified that the 300 grams of bagged material was marijuana. Cpl. Tyler also found approximately $237 on Petitioner's person.

Caddo Parish Sheriff's Office Lieutenant Carl Townley testified as an expert in the field of possession with intent to distribute. He opined that the quantity and value of the

marijuana, the scales, the bags, the cash, and the lack of any smoking device combined to indicate that the material was intended for sale rather than for personal use. He said the evidence indicated "that is possession with intent all day long."

**Relevant State Court Proceedings**

The state court minutes (Tr. 1-4) show that Petitioner first appeared in court on June 26, 2014 with an attorney from the indigent defender's office. Petitioner stated that he was unable to hire counsel, and the court appointed the indigent defender and set the case for a preliminary examination. Petitioner appeared at the preliminary examination with retained counsel, who enrolled and entered a plea of not guilty. In December 2014, retained counsel was relieved, and the court again appointed the indigent defender to represent Petitioner.

Petitioner soon began filing pro se motions. He appeared in court in February 2015 without counsel, and the court ordered attorney Richard Fisher to serve as standby counsel. Petitioner later appeared for his preliminary examination, accompanied by standby counsel. Tr. 102. During the hearing, the prosecutor suggested that standby counsel could help Petitioner with some of his legal questions. This exchange followed:

> THE COURT: He has refused standby counsel.
>
> MS. SILVIE: Oh, he's refused it altogether.
>
> MR. FISHER: For the record, Mr. Lee has refused any assistance from the Public Defender's Office.
>
> DEFENDANT: I haven't refused any assistance, you are my co-counsel, he's just not representing me.
>
> THE COURT: Now wait a minute. Is Mr. Fisher your co-counsel or not?
>
> DEFENDANT: Co-counsel, he is not representing me.

> THE COURT: He is not representing you?
>
> DEFENDANT: I am unrepresented.
>
> THE COURT: You are unrepresented. And you do not want him to advise you on these legal questions that you're trying to ask this witness?
>
> DEFENDANT: No.

Tr. 119. At the end of the hearing, the prosecutor attempted to hand Petitioner a copy of a DVD that would be used as evidence at trial. Petitioner refused to accept it, but standby counsel took the DVD. Petitioner also objected to being called a pro se defendant. The State asked for a sanity commission to, as the court put it, "make a recommendation to the Court as to whether you are competent to defend yourself." Defendant stated that he would undergo mental examination for a "small fee of $3,500." Tr. 126-28.

Petitioner later returned to court after the judge had received the reports of the two sanity commission physicians. The judge reported that neither physician found any reason Petitioner could not proceed to trial. The following exchange then took place:

> THE COURT: Now, Mr. Lee, let me ask you this. Do you still intend to defend yourself?
>
> DEFENDANT: For the record, I would like to state my name. I am Andre Lee, a third-party intervenor, occupant of the executor's office and beneficiary of Andre D. Lee's estate. A/k/a Andre Derrell Lee, alleged defendant, sui juris, and I reserve my rights under UCC 1-308 at all times.
>
> THE COURT: Mr. Lee, have you ever been accused of a crime before and, if so, did you represent yourself in those proceedings?
>
> DEFENDANT: No, sir.

THE COURT: Do you understand that a trained attorney may and probably does possess more skill and knowledge than you do in representing you on this charge?

DEFENDANT: I overstand it.

THE COURT: I'm sorry?

DEFENDANT: I overstand it. I don't understand anything in this courtroom.

THE COURT: Do you understand that an experienced attorney may be more familiar with what motions to file and time limits and so forth, how to subpoena witnesses and what objections to make?

DEFENDANT: No, I don't.

THE COURT: Are you aware that if you represent yourself you'll be responsible for your own defense and preparing your own case and for calling your own witnesses?

DEFENDANT: I am.

THE COURT: Are you aware that if you represent yourself I cannot assist you in this matter?

DEFENDANT: I comprehend.

THE COURT: One of the dangers of representing yourself is that you'll be tasked with knowing the legal rules and procedures that are required despite having received no formal legal training. Do you know this?

DEFENDANT: I comprehend.

THE COURT: And do you comprehend or understand that if you're charged with another felony offense in the future you could be charged as a multiple offender under the habitual offender statute?

DEFENDANT: I comprehend.

THE COURT: Knowing all of these dangers and disadvantages to representing yourself, is it still your desire to represent yourself on this charge?

> DEFENDANT: Well, I can't represent myself, that's impossible, I can only be myself, I can present myself.
>
> THE COURT: You want to be the lawyer here?
>
> DEFENDANT: I'm not an attorney, I can't be a lawyer.
>
> THE COURT: You do not want a lawyer?
>
> DEFENDANT: No.
>
> THE COURT: All right. Based on the totality of the circumstances, the record and the Sanity Commission I'm going to find that Mr. Lee's right to waiver of counsel is knowingly and intelligently made and I'm going to relieve Mr. Fisher of the ID's Office of his appointment. I'm going to ask, as we have before, that Mr. Fisher serve as standby counsel. Mr. Lee, you'll have the right, Mr. Fisher will not interfere, but you'll have the right to ask him anything during the course of these proceedings that you may wish. All right, now we're ready to proceed.

Tr. 137-39. Petitioner went to trial with attorney Fisher as standby counsel, and he was convicted. At sentencing, the judge said, "I would suggest to you that those motions confirm that you need a lawyer and ask still if you would like to have a lawyer represent you here?" Petitioner replied, "No, sir." Tr. 221.

Counsel was appointed to represent Petitioner on appeal. But Petitioner wrote to the appellate court to insist that he did not want representation by counsel. Tr. 265. He also filed in the appellate court a "<u>Faretta</u> Motion" that said he was "unwilling to accept counsel." Tr. 281. Appellate counsel filed a motion and asked for remand to the trial court for a <u>Faretta</u> hearing. Tr. 269. The appellate court responded to both motions with an order that noted, "[T]he trial court has already concluded that Lee knowingly and intelligently waived his right to counsel, and Lee has once against asserted that right on appeal." The court relieved appellate counsel and granted Petitioner's motion to represent himself on

appeal. The requested remand was found to be unnecessary in light of the prior valid waiver of counsel. Tr. 285.

The first time the right to counsel was raised in post-conviction was in Petitioner's second post-conviction application. He claimed a violation of his Sixth Amendment right to counsel and alleged that he never clearly and unequivocally asserted his right to self-representation. Tr. 441-46. The trial court denied relief with an observation that the transcript "reflects that Defendant knowingly waived his right to counsel, and that Mr. Fisher of the Indigent Defendant's office was appointed as stand by counsel for Lee." The application was denied as without merit. Tr. 532-33. The state appellate court denied a writ application "on the showing made" (Tr. 596), and Petitioner did not exhaust his state court remedies by pursuing relief before the Supreme Court of Louisiana.

Petitioner returned to the issue in his first motion to correct illegal sentence. He complained that the Sixth Amendment was violated when he was convicted and sentenced without counsel or a valid waiver of his right to counsel. Tr. 597-610. The trial court reviewed the procedural history and found that the transcript "reflects that Defendant knowingly waived his right to counsel," so the motion was denied as without merit. Tr. 613-14. The appellate court summarily denied a writ application on the showing made. Tr. 651. The Supreme Court of Louisiana denied a writ application, with a single justice stating that she "would grant to determine whether defendant knowingly waived his right to counsel." Tr. 754-56.

**Waiver by Lack of Briefing**

The State raises a number of procedural and substantive attacks on the petition. Among them is an argument that Petitioner has waived or abandoned this claim by not properly briefing it in federal court. The only submission Petitioner has made to this court is the language quoted in the introduction of this report and recommendation. Those conclusory sentences are inadequate to present a habeas claim that warrants resolution of the merits. The court does not expect a high-quality brief from an unrepresented habeas petitioner, but a petitioner should be able to flesh out the factual basis of his claim by pointing to relevant portions of the record and, perhaps, citing the law on which his claim is based. Petitioner did so, at times, in state court, but he offered almost nothing in federal court.

The failure to brief this claim warrants denying it as waived or abandoned. Lookingbill v. Cockrell, 293 F.3d 256, 263 (5th Cir. 2002) ("Where a habeas petitioner fails to brief an argument adequately, we consider it waived."); Pea v. Cain, 2017 WL 1197872, *12 (M. D. La. 2017) (collecting district court decisions that found waiver where a habeas claim was not adequately briefed). The court will, in the alternative, address the claim on the merits.

**Waiver of Counsel**

A defendant in a state criminal trial has a right to counsel, but he also has a constitutional right to self-representation. Faretta v. California, 95 S.Ct. 2525 (1975). When a defendant wishes to represent himself, he must knowingly and intelligently waive his right to counsel. Id. at 2541. "Although a defendant need not himself have the skill

and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." Id. (internal quotation marks omitted). The type of warnings that are required depend on the nature of the proceedings. For trial, warnings of the pitfalls of proceeding without counsel must be rigorously conveyed. Iowa v. Tovar, 124 S.Ct. 1379, 1388 (2004), citing Patterson v. Illinois, 108 S.Ct. 2389 (1988).

The Supreme Court has not "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." Tovar, 124 S.Ct. at 1387. The information the defendant must possess to make an intelligent election will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding. Id. Petitioner bears the burden of proving that his waiver of counsel was ineffective. "[I]n a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel." Tovar, 124 S.Ct. at 1390; Landry v. Cain, 445 Fed. Appx. 817, 823 (5th Cir. 2011).

The state court adjudicated this claim on the merits, as opposed to any procedural grounds. Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

A state court's decision is contrary to clearly established Supreme Court precedent when it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts. Pape v. Thaler, 645 F.3d 281, 287 (5th Cir. 2011). A state court makes an unreasonable application of clearly established federal law when it identifies the correct governing legal principle from the Supreme Court's decisions but applies it to the facts in a way that is not only incorrect but objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855, 1862 (2010). When a state court has denied a claim on the merits, the AEDPA bars habeas relief unless the prisoner shows that the state court "erred so transparently that no fairminded jurist could agree with that court's decision." Bobby v. Dixon, 132 S.Ct. 26, 27 (2011) (per curiam).

Guidance can be found in decisions from the Fifth Circuit regarding similar claims. The defendant in Gross v. Cooper, 312 Fed. Appx. 671 (5th Cir. 2009) rejected representation and agreed to self-representation in two drug distribution trials. The trial judge ensured that the waiver was voluntary but did not consider any background factors, such as age, education, and experience, or engage in any dialogue to ascertain the defendant's awareness of the consequences or practical meaning of waiving representation. The Fifth Circuit stated that the case would warrant relief on direct review, but it was a "much closer case given our deference to state courts under AEDPA." Nevertheless, considering the almost complete lack of warnings about the dangers of self-representation

or evaluation of the defendant's background, the Fifth Circuit reversed the district court and remanded with instructions to allow a new trial.

Another case is Landry v. Cain, 445 Fed. Appx. 817 (5th Cir. 2011), in which the district court granted habeas relief but the Fifth Circuit reversed. The defendant in Landry notified the court midway through trial that he wished to take over his own defense. The trial judge addressed him and advised that the procedures in the courtroom were better dealt with by attorneys than a layperson. The judge explained the procedures the defendant would have to comply with while representing himself and, on several occasions, confirmed that the defendant intended to represent himself. The judge stated that the self-representation was against his advice, and he highly suggested that the defendant consult standby counsel.

In Mr. Landry's case, for procedural reasons, there was no state court adjudication on the merits, so the Fifth Circuit reviewed the claim *de novo* rather than through the deferential standards of Section 2254(d). The Court emphasized that the petitioner had the burden of proving that his waiver was ineffective and that no particular formula or script is mandated by law. Rather, the totality of the circumstances must be considered. The Fifth Circuit found that the judge's inquiry in Landry was adequate, so the habeas petition was denied.

Finally, a waiver of counsel in a death penalty case withstood habeas review in Austin v. Davis, 876 F.3d 757 (5th Cir. 2017). As in this case, the trial judge had the benefit of a competency evaluation that found the defendant competent. The judge confirmed that the defendant understood the charges and possible punishment, and he

explained the risks and disadvantages of proceeding pro se. The court warned that doing so would increase the likelihood of an unfavorable outcome. The defendant nonetheless clearly expressed to the state court his wish to make his own decisions about trial strategy. The Fifth Circuit rejected a habeas challenge. It noted that (1) an improper denial of the right to self-representation by the state court would have been structural error that required reversal, and (2) the defendant did not present clear and convincing evidence sufficient to overcome the state court's factual findings regarding competency and waiver of counsel. With respect to the second conclusion, the Court said, "To the extent Austin's claim involves subsidiary factual determinations made by the state trial court, we apply § 2254(e)(1)'s presumption of correctness, which Austin must rebut by clear and convincing evidence." Austin, 876 F.3d at 783.

This case was a straightforward drug prosecution in which the State's evidence was direct and strong. The trial judge who assessed Petitioner's waiver of counsel benefitted from the opinion of two mental health professionals regarding Petitioner's competency to represent himself in the case. The judge asked Petitioner about his criminal court experience and explained to him that an attorney would be more familiar with the procedural requirements of the litigation. He warned Petitioner that he would be responsible for preparing his own case and calling his own witnesses, and he warned of the pitfalls of not being trained in the applicable rules and procedures. He warned Petitioner that his conviction could be used to charge him as a multiple offender. Despite all of those warning, Petitioner was adamant that he did not want a lawyer. The trial judge made a

specific factual finding that Petitioner's "waiver of counsel is knowingly and intelligently made," and the judges who addressed the post-conviction filings made similar findings.

Given the factual findings made by the state court that the waiver of counsel was knowing and intelligent, and the deference required by Sections 2254(d) and 2254(e), habeas relief is not warranted on this claim. Woods v. Donald, 135 S.Ct. 1372, 1376 (2015) ("AEDPA's standard is intentionally difficult to meet"). Petitioner has not met his burden of demonstrating that his waiver was invalid or that the state court's decision was an objectively unreasonable application of Faretta or any other clearly established holding of the Supreme Court.

Accordingly,

It is recommended that Petitioner's Petition for writ of habeas corpus be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of May, 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge